Marc G. Wilhelm
Robert L. Richmond
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, AK 99501
(907) 276-5727
mwilhelm@richmondquinn.com
brichmond@richmondquinn.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANC AK HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MINGSHENG PENGRUN (TIANJIN) AVIATION LEASING CO. LTD., DEERJET (HONG KONG) BUSINESS JET MANAGEMENT LIMITED, SUQIAN YUANHUI INFORMATION TECHNOLOGY CO. LTD., JD.COM, RICHARD QIANGDONG LIU, PICC PROPERTY AND CASUALTY COMPANY LIMITED, CHINA PACIFIC PROPERTY INSURANCE CO, LTD., and PING AN PROPERTY & CASUALTY INSURANCE COMPANY OF CHINA LTD., <br><br> Defendants. | Case No. 3:23-cv-<u>00229</u> SLG |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff ANC AK Holdings, LLC ("ANC"), as and for its complaint for a

declaratory judgment, alleges upon knowledge as to its own acts and upon information

and belief as to the acts of others as follows:

## INTRODUCTION

1. This action seeks a declaratory judgment with respect to a claim (the "Claim") asserted by Defendants JD.com and Richard Qiangdong Liu ("Liu") for damage to a Boeing 737 business jet bearing registration number N502BJ (the "Aircraft") that allegedly occurred at Anchorage International Airport on March 20, 2022, when an ANC[1] employee drove a fuel truck under the Aircraft's wing and damaged its underside (the "Incident").

2. At the time of the Incident, there was a Hangar and Ramp Agreement (the "Ramp Agreement") in place between ANC and Deerjet Hong Kong Business Jet Management Ltd, which executed the Ramp Agreement on its own behalf and on behalf of the owners/operators of the Aircraft. A copy of the Hangar and Ramp Agreement is attached hereto as Exhibit "A".

3. ANC seeks by this action a determination as to the enforceability and applicability to the claims being asserted as a result of the Incident of certain limits and exclusions of liability, and insurance requirements, set forth in the Ramp Agreement.

4. An actual and ripe controversy exists concerning the parties' rights and obligations under the Ramp Agreement.

---

[1] On the date of the Incident, ANC was doing business as Ross Aviation.

COMPLAINT FOR DECLARATORY JUDGMENT
*Anch AK Holdings LLC v. Mingsheng Pengrun et al.,* Case No. _____
Page 2 of 14

Case 3:23-cv-00229-SLG   Document 1   Filed 10/04/23   Page 2 of 14

5. ANC seeks a declaration that the Ramp Agreement limits or excludes ANC's liability for the Claim and Incident or, alternatively, that certain defendants were required to possess insurance providing primary coverage for the claims being asserted.

## PARTIES

6. ANC is a limited liability company, whose sole principal is Ross Aviation Holdings, LLC, a Delaware limited liability company with its principal place of business in Plano, Texas. The sole principal of Ross Aviation Holdings, LLC is Ross Aviation Holding Corporation, a Delaware corporation with its principal place of business in Plano, Texas. ANC's principal place of business is in Plano, Texas.

7. Upon information and belief, Mingshen Pengrun (Tianjin) Aviation Leasing Co. Ltd. is a foreign corporation organized and existing under the laws of the People's Republic of China with a principal place of business in the People's Republic of China. Upon further information and belief, all direct and indirect owners of Mingshen Pengrun (Tianjin) Aviation Leasing Co. Ltd. are citizens of the People's Republic of China.

8. Upon information and belief, Deer Jet (Hong Kong) Business Jet Management Limited is a foreign corporation organized and existing under the laws of Hong Kong, People's Republic of China, with its principal place of business in Hong Kong, People's Republic of China. Upon further information and belief, all direct and indirect owners of Deer Jet (Hong Kong) Business Jet Management Limited are citizens of the People's Republic of China.

COMPLAINT FOR DECLARATORY JUDGMENT
*Anch AK Holdings LLC v. Mingsheng Pengrun et al.,* Case No. _____
Page 3 of 14

Case 3:23-cv-00229-SLG   Document 1   Filed 10/04/23   Page 3 of 14

9. Upon information and belief, Suqian Yuanhui Information Technology Co. Ltd. is a foreign corporation organized and existing under the laws of the People's Republic of China with a principal place of business in the People's Republic of China. Upon further information and belief, all direct and indirect owners of Suqian Yuanhui Information Technology Co. Ltd. are citizens of the People's Republic of China.

10. Upon information and belief, Liu is a citizen and resident of the People's Republic of China.

11. Upon information and belief, JD.com is a foreign corporation organized and existing under the laws of the People's Republic of China with a principal place of business in the People's Republic of China. Upon further information and belief, all direct and indirect owners of JD.com are citizens of the People's Republic of China.

12. Upon information and belief, PICC Property and Casualty Company Limited is a foreign corporation organized and existing under the laws of the People's Republic of China with a principal place of business in the People's Republic of China. Upon further information and belief, all direct and indirect owners of PICC Property and Casualty Company Limited are citizens of the People's Republic of China.

13. Upon information and belief, China Pacific Property Insurance Co., Ltd. is a foreign corporation organized and existing under the laws of the People's Republic of China with a principal place of business in the People's Republic of China. Upon further information and belief, all direct and indirect owners of China Pacific Property Insurance Co., Ltd. are citizens of the People's Republic of China.

COMPLAINT FOR DECLARATORY JUDGMENT
*Anch AK Holdings LLC v. Mingsheng Pengrun et al.,* Case No. _____
Page 4 of 14

Case 3:23-cv-00229-SLG   Document 1   Filed 10/04/23   Page 4 of 14

14. Upon information and belief, Ping An Property & Casualty Insurance Company of China Ltd. is a foreign corporation organized and existing under the laws of the People's Republic of China with a principal place of business in the People's Republic of China. Upon further information and belief, all direct and indirect owners of Ping An Property & Casualty Insurance Company of China Ltd. are citizens of the People's Republic of China.

## JURISDICTION AND VENUE

15. ANC is a Delaware limited liability company wholly owned by Ross Aviation Holdings, LLC, a Delaware limited liability company wholly owned by Ross Aviation Holding Corporation, a Delaware corporation with its principal place of business in Plano, Texas. ANC and Ross Aviation Holdings, LLC also have their principal place of business in Plano, Texas.

16. Upon information and belief, each of the defendants are citizens of a foreign State.

17. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

18. In light of the foregoing, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 based on diversity of citizenship.

19. This action is properly brought under the Declaratory Judgment Act, 28 U.S.C. §2201, in that there is an actual controversy within this jurisdiction and the facts of this case warrant the Court's exercise of its jurisdiction.

COMPLAINT FOR DECLARATORY JUDGMENT
*Anch AK Holdings LLC v. Mingsheng Pengrun et al.,* Case No. _____
Page 5 of 14

Case 3:23-cv-00229-SLG   Document 1   Filed 10/04/23   Page 5 of 14

20. This Court has specific personal jurisdiction over each and every Defendant in that this action arises out of services contracted by or on behalf of the Defendants to be performed by ANC in Alaska, any contract between or among Defendants relates directly to the Incident and resultant damage to the Aircraft that occurred in Alaska and/or acts performed or to be performed in Alaska, and all acts out of which this action arises were performed in Alaska.

21. More specifically, this action arises out of damage to an Aircraft in Alaska in performance of a contract between ANC and the Defendants executed in Alaska for the performance of services entirely within the State of Alaska.

22. Venue is proper in this court pursuant to 28 U.S.C. §1391(b)(2) in that all, or at least a substantial part, of the events giving rise to this claim occurred in Alaska.

## FACTS

*Background Regarding the Use and Ownership of the Aircraft*

23. Upon information and belief, the Aircraft is and was at all relevant times a business jet used mainly by and for Liu, who often would travel with assistants, security personnel, and other staff.[2]

24. Upon information and belief, Wilmington Trust Company held the title to the Aircraft at the time of all events giving rise to this action, including at the time the Aircraft allegedly sustained the damage that resulted in the underlying claim by

---

[2] Richard Qiangdong Liu is the founder, chairman and former chief executive officer of JD.com, an online retailer and China's largest e-commerce business by revenue (he announced he was stepping down as CEO in April of this year). He has been referred to as the "Jeff Bezos" of China. Forbes estimates his net worth at $11.5 billion.

COMPLAINT FOR DECLARATORY JUDGMENT
*Anch AK Holdings LLC v. Mingsheng Pengrun et al.,* Case No. _____
Page 6 of 14

Case 3:23-cv-00229-SLG   Document 1   Filed 10/04/23   Page 6 of 14

Defendants against ANC, pursuant to a Trust Agreement dated May 28, 2014, between it and Minsheng Jiaming Leasing Limited (the "Trust Agreement").

25. Upon information and belief, Defendant Wilmington Trust Company then leased the Aircraft back to Defendant Minsheng Jiaming Leasing Limited pursuant to an Aircraft Operating Lease Agreement dated June 12, 2014 (the "Aircraft Operating Lease"). The Aircraft Operating Lease provides that Wilmington Trust Company "grants to Operator and Operator hereby accepts from [Wilmington Trust Company], an exclusive lease to possess, use and operate the [Aircraft]."

26. Upon information and belief, in or about July 2018, Defendant Minsheng Jiaming Leasing Limited assigned all right, title, and interest it had in the Trust Agreement and Aircraft Operating Lease to Defendant Minsheng Pengrun (Tianjin) Aviation Leasing Co., Ltd. pursuant to an Assignment and Assumption Agreement (the "July 2018 Assignment Agreement").

27. Upon information and belief, also in or about July 2018, Minsheng Pengrun (Tianjin) Aviation Leasing Company Limited subleased the Aircraft to Suqian Yuanhui Information Technology Company Limited pursuant to an Aircraft Sublease Agreement (the "Sublease Agreement"). The Sublease Agreement provides that Minsheng Pengrun (Tianjin) Aviation Leasing Company "hereby grants to [Suqian Yuanhui Information Technology Company] and [Suqian Yuanhui Information Technology Company] hereby accepts from [Minsheng Pengrun (Tianjin) Aviation Leasing Company] an exclusive Lease to possess, use and operate [the Aircraft]." Upon information and belief, the

COMPLAINT FOR DECLARATORY JUDGMENT
*Anch AK Holdings LLC v. Mingsheng Pengrun et al.,* Case No. _____
Page 7 of 14

Case 3:23-cv-00229-SLG   Document 1   Filed 10/04/23   Page 7 of 14

Sublease Agreement was in effect at the time of all events giving rise to the underlying claim giving rise to this action.

28. Upon information and belief, on or about June 29, 2018, Defendant Deerjet (Hong Kong) Business Jet Management Limited and Suqian Yuanhui Information Technology Company Limited entered into an Aircraft Management Agreement, whereby Deerjet (Hong Kong) Business Jet Management assumed responsibility for management of the Aircraft and, thus, had actual and apparent authority to act on behalf of all entities having any interest in the Aircraft with regard to the use and management of the Aircraft.

*Post-Incident Assignments of Claims*

29. Upon information and belief, on or about October 1, 2022, Minsheng Pengrun (Tianjin) Aviation Leasing Co., Ltd. and Suqian Yuanhui Information Technology Company Limited entered into an Assignment of Claims Agreement dated October 1, 2022, whereby the parties acknowledged that Minsheng Pengrun (Tianjin) Aviation Leasing Co. might "possess certain legal rights in relation to the Incident, including but not limited to the right to bring claims or initiate legal proceedings against parties or individuals arising out of or relating to the Incident, including but not limited to ANC, and to seek and recover compensation for or relating to the Incident," and that Minsheng Pengrun (Tianjin) Aviation Leasing Co. was assigning all such rights to Suqian Yuanhui Information Technology Company Limited.

COMPLAINT FOR DECLARATORY JUDGMENT
*Anch AK Holdings LLC v. Mingsheng Pengrun et al.,* Case No. _____
Page 8 of 14

Case 3:23-cv-00229-SLG   Document 1   Filed 10/04/23   Page 8 of 14

30. Upon information and belief, on or about September 26, 2022 (five days before Minsheng Pengrun (Tianjin) Aviation Leasing Co. assigned its rights to Suqian Yuanhui Information Technology Company Limited), Suqian Yuanhui Information Technology Company Limited and Richard Qiangdong Liu entered into an Assignment of Claims Agreement. Pursuant to this Assignment of Claims Agreement, the parties agreed that Suqian Yuanhui Information Technology Company Limited might "possess certain legal rights in relation to the Incident, including but not limited to certain rights to bring claims or initiate legal proceedings against parties or individuals arising out of or relating to the Incident, including but not limited to Ross Aviation, and to seek and recover compensation for or relating to the Incident," and that Suqian Yuanhui Information Technology Company Limited was assigning all such rights to Richard Qiangdong Liu.

31. Upon information and belief, Wilmington Trust sold the Aircraft to Minsheng Pengrun (Tianjin) Aviation Leasing Co., Ltd. on or about November 1, 2022.

32. Upon information and belief, Minsheng Pengrun (Tianjin) Aviation Leasing Co., Ltd. sold the Aircraft to Suqian Yuanhui Information Technology Co., Ltd. on or about February 14, 2023.

***The Aircraft Insurers***

33. Upon information and belief, at the time of the Incident, the Aircraft was insured under a policy issued by PICC Property and Casualty Company Limited, which assumed a 60% share of the coverage offered by the insurance policy. China Pacific

COMPLAINT FOR DECLARATORY JUDGMENT
*Anch AK Holdings LLC v. Mingsheng Pengrun et al.,* Case No. _____
Page 9 of 14

Case 3:23-cv-00229-SLG   Document 1   Filed 10/04/23   Page 9 of 14

Property Insurance Co., Ltd. and Ping An Property & Casualty Insurance Company of China Ltd. are co-insurers on the insurance policy, each having assumed a 20% share of the coverage provided therein.

***ANC's Contract with and for the benefit of the Defendants***

34. On or about March 19, 2022, ANC entered into the Ramp Agreement with Deerjet Hong Kong Business Jet Management Ltd., which at all times acted on its own behalf and on behalf of the owners/operators of the Aircraft. Pursuant to the Ramp Agreement, ANC agreed to provide ramp space, security, ground support coordination, and several other services for the Aircraft while it was located at Anchorage International Airport.

35. The Ramp Agreement identifies the Aircraft as a Boeing 737 aircraft bearing registration number N502BJ (i.e., the Aircraft), and states that the Aircraft is arriving at approximately 6:46 p.m. on March 19, 2022, and departing at a time to be determined.

36. The Ramp Agreement was signed on behalf of Deerjet and the owners/operators of the Aircraft by Xiaoliang Wang as "Pilot in Command" and includes the applicable Terms and Conditions.

37. The Terms and Conditions of the Ramp Agreement provide in pertinent part as follows:

> By accepting services from the Ross Aviation group company named above ("Ross Aviation") providing services to the above referenced owner or operator ("Customer"), Customer represents that it currently maintains

COMPLAINT FOR DECLARATORY JUDGMENT
*Anch AK Holdings LLC v. Mingsheng Pengrun et al.,* Case No. _____
Page 10 of 14

Case 3:23-cv-00229-SLG   Document 1   Filed 10/04/23   Page 10 of 14

policies of aircraft and commercial general liability insurance with respect to its aircraft, operations and maintenance and "all risk" type hull insurance on its aircraft in engines. If a third party claim is made against Ross Aviation, Customer's insurance carrier shall provide primary coverage. Customer agrees to indemnify and hold Ross Aviation and the airport authority harmless from and against any claims arising out of Ross Aviation's acts or omissions in connection with this Agreement except to the extent such claims arise from the negligence or willful misconduct of Ross Aviation. Without limiting the generality of the foregoing, Customer shall indemnify and hold Ross Aviation and the airport authority harmless against any costs, expenses, fines and penalties, including the cost of cleanup and remediation, resulting from any spill, release or discharge of hazardous substances or materials except to the extent solely and directly caused by the negligence or willful misconduct of Ross Aviation in uplifting fuel to the aircraft. The parties agree that UNDER NO CIRCUMSTANCES SHALL ROSS AVIATION BE LIABLE TO CUSTOMER FOR INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL OR EXEMPLARY DAMAGES WHETHER IN CONTRACT OR TORT (INCLUDING STRICT LIABILITY), SUCH AS, BUT NOT LIMITED TO, LOSS OF REVENUE OR ANTICIPATED PROFITS, LOSS OF USE OR DIMINUTION OF VALUE, COSTS ASSOCIATED WITH SUBSTITUTE OR REPLACEMENT AIRCRAFT, ARISING OUT OF ROSS AVIATION'S SERVICES TO CUSTOMER….

### *The Incident and Underlying Claim*

38. Upon information and belief, the Aircraft sustained damage when a truck being operated by a ANC employee drove under the right wing of the Aircraft and the top of the truck contacted the underside of the wing.

39. JD.com and Richard Liu subsequently asserted a claim against ANC seeking a total of $23,957,904.18, comprised of $4,063,904.99 for repairs, $4,143,999.19 for loss of use, and $15,750,000 for diminution in value.

COMPLAINT FOR DECLARATORY JUDGMENT
*Anch AK Holdings LLC v. Mingsheng Pengrun et al.,* Case No. _____
Page 11 of 14

Case 3:23-cv-00229-SLG   Document 1   Filed 10/04/23   Page 11 of 14

# COUNT I
# DECLARATORY JUDGMENT

40. ANC incorporates by reference every allegation set forth in paragraphs 1 through 36 of this Complaint as if set forth in full herein.

41. The Defendants were subject to the Ramp Agreement at the time of the Incident that allegedly caused the damage to the Aircraft for which the underlying claim is being asserted.

42. Pursuant to the Ramp Agreement, ANC is not responsible for "indirect, incidental, consequential, special or exemplary damages whether in contract or tort (including strict liability), such as, but not limited to, loss of revenue or anticipated profits, loss of use or diminution of value, costs associated with substitute or replacement aircraft, arising out of [ANC's] services."

43. The Incident alleged to have caused damage to the Aircraft arose out of ANC's services pursuant to the Ramp Agreement.

44. Upon information and belief, this action names all entities that have a legal interest in the subject matter of the underlying claim.

45. This matter presents an actual, present, real, and substantial controversy between the parties hereto with respect to the matters set forth herein and for which declaratory relief is appropriate.

46. ANC seeks a declaratory judgment that the limits of liability and loss allocation provisions set forth in the Ramp Agreement are enforceable and that the

COMPLAINT FOR DECLARATORY JUDGMENT
*Anch AK Holdings LLC v. Mingsheng Pengrun et al.,* Case No. _____
Page 12 of 14

Case 3:23-cv-00229-SLG   Document 1   Filed 10/04/23   Page 12 of 14

Defendants are not entitled to recover for any loss of use or diminution in value.

47. Alternatively, to the extent any entity with a claim arising out of the Incident is deemed not to be a party to the Ramp Agreement, this would be a third-party claim for which the Customer[s] under the Ramp Agreement represented that they maintained primary insurance coverage as follows: "Customer represents that it currently maintains policies of aircraft and commercial general liability insurance with respect to its aircraft, operations and maintenance and 'all risk' type hull insurance on its aircraft in engines. If a third party claim is made against [ANC], Customer's insurance carrier shall provide primary coverage."

**WHEREFORE**, ANC respectfully requests that the Court enter a declaration and judgment in its favor:

A. Declaring that, for the reasons set forth in Count I, ANC has no duty to pay Defendants for any loss of use or diminution in value to the Aircraft;

B. Declaring, alternatively, that to the extent any Defendant with a claim arising out of the Incident is deemed not to be a party to the Ramp Agreement, the Customer[s] under the Ramp Agreement were required to maintain insurance covering such claims on a primary basis;

C. Awarding ANC such additional declaratory and other relief as shall be found to be appropriate under the circumstances; and

D. Awarding ANC its fees and costs incurred in prosecuting this claim.

COMPLAINT FOR DECLARATORY JUDGMENT
*Anch AK Holdings LLC v. Mingsheng Pengrun et al.,* Case No. _____
Page 13 of 14

Case 3:23-cv-00229-SLG   Document 1   Filed 10/04/23   Page 13 of 14

Respectfully submitted,

RICHMOND & QUINN

DATED: October 4, 2023

By: s/ Marc G. Wilhelm
Marc G. Wilhelm, ABA No. 8406054
Robert L. Richmond, ABA No. 7011069
360 K Street, Suite 200
Anchorage, Alaska 99501
(907) 276-5727
mwilhelm@richmondquinn.com
brichmond@richmondquinn.com

-and-

VICTOR RANE

Barry S. Alexander (*pro hac vice* forthcoming)
14 Wall Street, 20th Floor
New York, New York 10005
(646) 585-4322
balexander@victorrane.com

*Attorneys for Plaintiff*
*ANC AK Holdings, LLC*

I:\840\840.101\PLEADINGS\Ross Aviation DJ Complaint - 10-3-23.docx

COMPLAINT FOR DECLARATORY JUDGMENT
*Anch AK Holdings LLC v. Mingsheng Pengrun et al.,* Case No. _____
Page 14 of 14

Case 3:23-cv-00229-SLG    Document 1    Filed 10/04/23    Page 14 of 14